UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

| | |
|---|---|
| GARY REED SLIGAR | BK CASE NO. 9:16-bk-08276-FMD<br>CHAPTER 11 |

### THE SOLOMON LAW GROUP, P.A.'S
### NOTICE OF FILING EMAILS AS REBUTTAL EVIDENCE TO SUSAN C. SLIGAR'S TESTIMONY AT TRIAL ON MARCH 6, 2018

The Solomon Law Group, P.A. ("**SolomonLaw**") wants to bring the Courts attention the following documents to rebut Susan C. Sligar's assertion that SolomonLaw improperly influenced her to list the Marital Residence for sale.

- Email from Stanford R. Solomon to Ms. Sligar including three charts of money available after sale of property [Thumb Drive- Bates Label SLG 10288-10289, SLG 19516, SLG 19517, SLG 19518].

- Email from Allison D. Thompson to Ms. Sligar's tax attorney regarding Brad Hasselwander's proposed purchase of the Marital Residence and the financial implications to Ms. Sligar [Thumb Drive- Bates Label SLG 10557-10558].

## Certificate of Service

    I hereby certify that a true copy of the foregoing has been served either by CM/ECF on March 6, 2018, to the following:

Allan Watkins
707 N. Franklin St., Suite 750
Tampa, FL 33602-4423
**Attorney for Susan C. Sligar**

Mercedes R. Wechsler
1212 E. Ridgewood St.
Orlando, FL 32803
**Attorney for Susan C. Sligar**

                                                  */s/ Allison D. Thompson*
                                                  Allison D. Thompson

4847-5190-6911, v. 1

| | |
|---|---|
| From: | Stanford Solomon |
| Sent: | Saturday, July 08, 2017 7:43 AM |
| To: | Chron Account; Ana Maria Gonzalez |
| Subject: | Fwd: Susan Sligar/Domestic Relations |

Stanford R. Solomon
THE SOLOMON LAW GROUP, P.A.
1881 West Kennedy Blvd. Suite D
Tampa, Florida 33606-1611
(813) 225.1818 (Tel)
(813) 810.7718 (Cell)
(813) 225.1050 (Fax)
ssolomon@solomonlaw.com

**THE SOLOMON LAW GROUP, P.A.**

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050

ssolomon@solomonlaw.com
www.solomonlaw.com




SOLOMON LAW GROUP

1881 West Kennedy Boulevard, Suite D • Tampa • Florida • 33606-1611

Begin forwarded message:

> **From:** Sue Sligar <suesligar@cibg.biz>
> **Date:** July 7, 2017 at 3:30:59 PM EDT
> **To:** Stanford Solomon <SSolomon@SolomonLaw.com>
> **Cc:** "Susan Sligar (sligarsue@gmail.com)" <sligarsue@gmail.com>, "mercedes@wechsler-law.com" <mercedes@wechsler-law.com>
> **Subject: Re: Susan Sligar/Domestic Relations**
>
> Thank you! Printing now.
>
> Sent from my iPhone
>
> On Jul 7, 2017, at 3:29 PM, Stanford Solomon <SSolomon@SolomonLaw.com> wrote:
>
>> As discussed, attached are the three charts.

1

SLG 10288

## THE SOLOMON LAW GROUP, P.A.

**Stanford R. Solomon**

Phone: 813-225-1818
Mobile: 813-810-7718
Fax: 813-225-1050

ssolomon@solomonlaw.com
www.solomonlaw.com

<SLG_Vert_logo(Custom)_16879aba-68e9-4a66-95a2-



e730a4f47514.jpg>

1881 West Kennedy Boulevard, Suite D • Tampa • Florida • 33606-1611

Confidentiality Statement: The information transmitted is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any transmission of confidential and/or privileged material to persons or entities other than intended recipients shall not be construed as a waiver of such privileges or confidence. Any review, retransmission, dissemination or other use of this information by persons or entities other than the intended recipient is prohibited. Any action taken in reliance of this information by any persons or entities who are not intended recipients is also prohibited. If you receive this in error, please contact the sender of the email and delete the material from any computer or electronic device. Fair Debt Collection Practices Act: You are advised that this office may be deemed a debt collector and any information obtained will be used to effect collection of a debt.

<three charts - Sligar.pdf>

SLG 10289

## SLIGAR CHART

| | |
|---|---|
| $7,442,000.00 | Purchase Price |
| $480,000.00 | Brokerage Commission |
| **$7,922,000.00** | |
| $625,000.00 | Personal Property (Revised Offer) |
| **$8,547,000.00** | |
| ($480,000.00) | Brokerage Commission |
| (38,318.43) | 2015 and 2016 Real Estate Taxes |
| ($12,500.00) | Proration for 2017 ad valorem taxes |
| ($3,079,497.13) | Mortgage Payoff |

**$5,416,684.44**
$2,000,000.00        Capital Gains Tax on Sale
$3,416,684.44 divided by 2

**$1,228,342.22**

SLG 19516

## SLIGAR CHART

$7,442,000.00        Purchase Price
$480,000.00          Brokerage Commission
**$7,922,000.00**

$625,000.00          Personal Property (Revised Offer)
**$8,547,000.00**
($480,000.00)        Brokerage Commission
(38,318.43)          2015 and 2016 Real Estate Taxes
($12,500.00)         Proration for 2017 ad valorem taxes
($3,079,497.13)      Mortgage Payoff

**$5,416,684.44**
$1,500,000.00        Capital Gains Tax on Sale
$3,916,684.44 divided by 2

**$1,558,342.22**

SLG 19517

## **SLIGAR CHART**

| | |
|---|---|
| $7,442,000.00 | Purchase Price |
| $480,000.00 | Brokerage Commission |
| **$7,922,000.00** | |
| | |
| $625,000.00 | Personal Property (Revised Offer) |
| **$8,547,000.00** | |
| ($480,000.00) | Brokerage Commission |
| (38,318.43) | 2015 and 2016 Real Estate Taxes |
| ($12,500.00) | Proration for 2017 ad valorem taxes |
| ($3,079,497.13) | Mortgage Payoff |

**$5,416,684.44**
$1,000,000.00        Capital Gains Tax on Sale
$4,416,684.44 divided by 2

**$1,728,342.22**

SLG 19518

| | |
|---|---|
| From: | Allison Thompson |
| Sent: | Friday, July 21, 2017 12:11 PM |
| To: | 'Zaks, Joe'; 'Sue Sligar'; 'broth@ralaw.com' |
| Cc: | 'Lipman, Lisa'; 'Sue Sligar'; Sue Sligar |
| Subject: | RE: Sligar, Sue Divorce, bankruptcy, estate sale |
| Attachments: | scan20170721121012011653.pdf |

Good Morning Gentlemen:

As a follow up to our conversation on Wednesday below is an outline of what Sue would like to propose to Investor. This must be presented no later than Monday as we are operating on a very limited timeframe to exercise her right of first refusal.

- Investor loans Sue $7,000,000 through a mortgage at 0% interest with a 4-year balloon on the main house and the cottage. (Investor responsible for all recording fees associated with the mortgage).
- Sue leases the main house to Investor as a rent to own for 4-years (the sale would also encompass the cottage). Investor would be responsible for all closing cost, settlement charges and any other expenses incurred based on the sale of the home when it closes
    - Would this help her establish the necessary requirements for a 1031 exchange?
- The mortgage payment equals the lease payment
- The lease agreement could take place until at least November 16th because of the Broker's Contract. The mortgage would have to take place immediately to effectuate the right of first refusal in the bankruptcy court-
    The brokers contract doesn't expire until August 15th and contains a protection period of 90-days- so the lease could not take effect until then based on the    provision in the current Listing Agreement which states: Broker's fee is due in the following circumstances: (1) if any interest in the Property is transferred, whether    by sale, lease, exchange governmental action, bankruptcy, or any other means of transfer, regardless of whether the buyer is secured by Seller, Broker, or any other    person. (2) If Seller refuses or fails to sign an offer at the price and terms of this Agreement, defaults on an executed sales contract, or agrees with a buyer to cancel  the executed sales contract. . (3) If within 90-days after the Termination Date ("Protection Period), Seller transfers of contracts to transfer the Property or any    interest in the Property to any prospects with whom Seller, Broker directly communicated regarding the Property before Termination Date, and the prospects were   identified by Broker in a signed writing delivered to Seller before the Termination Date. However no fee will be due Broker if the Property is relisted after    Termination Date and sold through another broker.

Risks I see: 1) this deal would be seen as a violation of the Broker's Contract exposing Sue to the entire commission 2) capital gains exposure issues 3) cash flow issues 4) upholding this agreement as the loan portion would have to take place immediately to allow her the right of first refusal when the lease couldn't take effect until November.

I have attached a chart which outlines the current offers and uses gross estimates as I am not a tax attorney nor a real estate attorney and am using speculative and imprecise capital gains numbers and closing cost numbers.

Please weigh in.

Thank you,

Allison

-----Original Message-----
From: Allison Thompson
Sent: Wednesday, July 19, 2017 9:04 AM
To: 'Zaks, Joe'; Sue Sligar
Cc: Lipman, Lisa
Subject: RE: Divorce, bankruptcy, estate sale

Thanks Joe,

1

I am available for Ben all day.

-----Original Message-----
From: Zaks, Joe [mailto:JZaks@ralaw.com]
Sent: Wednesday, July 19, 2017 9:01 AM
To: Sue Sligar
Cc: Allison Thompson; Lipman, Lisa
Subject: RE: Divorce, bankruptcy, estate sale

I forwarded your email, and a summary of our conversation late yesterday to Ben Roth and asked him to call Alison Thompson.

-----Original Message-----
From: Sue Sligar [mailto:suesligar@cibg.biz]
Sent: Tuesday, July 18, 2017 9:07 PM
To: Zaks, Joe
Cc: Allison Thompson
Subject: Divorce, bankruptcy, estate sale

Hi Joe,

Thanks for your prompt response to my call. As I told you, I am currently going through a divorce and my husband filed personal bankruptcy to force the sale of our home.

We had a hearing last Tuesday and Wednesday permitting the sale of the home to a LLC and I have 40 days to be out of the home. I have a narrow window in which I have a first right of refusal option before the sale is final. I am hoping to avoid real estate commissions, and eventually 1031 the capital gains when I do sell the house. We are on 4+ lots, I split the front two lots with a cottage from the waterfront lots with the main house in April, hoping to retain my homestead with the cottage.

The investor ultimately wants to purchase the home, but an outright sale at this time would prevent me from achieving the above goals. I am looking for a way to give the investor security for the loan. Would a trust be a good option?

Please give my bankruptcy attorney, Alison Thompson, a call at (813) 225-1818 to discuss options. I am hoping to present something to the investor by tomorrow evening if possible.

Thank you!
Sue
(941) 270-7700
Sent from my iPad

2

SLG 10558